NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION AS RECEIVER FOR PENNY LANE PARTNERS, L.P., | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 08-1407 (GEB) |
| v. | ) ) | **MEMORANDUM OPINION** |
| LIZA ELGHANIAN, | ) ) | |
| Defendant. | ) ) ) | |

---

**BROWN, Chief Judge**

This matter comes before the Court upon Defendant Liza Elghanian's ("Defendant") Motion to Dismiss for Lack of Jurisdiction and Plaintiff's Cross-Motion for Default Judgment. The Court has reviewed the parties' submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will deny Defendant's Motion to Dismiss and grant Plaintiff's Motion for Default Judgment.

## I.      BACKGROUND

The undersigned appointed the Plaintiff on May 16, 2006, as Receiver during the resolution of the ancillary matter United States v. Penny Lane Partners, L.P., Civil Action No. 06-1894. The SBA filed the instant complaint on March 17, 2008, "as receiver for Penny Lane Partners, L.P." ("Penny Lane") against Defendant. (Docket Entry No. 1.) An Affidavit of Service for Summons

and Complaint served on Defendant was filed on April 25, 2008.  (Docket Entry No. 4.)  Thereafter,

on June 26, 2008, Plaintiff filed its request for Entry of Default, and the Clerk's Office entered

default on June 27, 2008.  (Docket Entry No. 5.)  On July 16, 2008, Defendant filed a Motion to

Dismiss.  (Docket Entry No. 6.)  Plaintiff filed its opposition to the Motion to Dismiss and a Cross

Motion for Default Judgment on August 20, 2008.  (Docket Entry No. 9.)  The Court's consideration

of these motions follows.


## II.    DISCUSSION

### A.    MOTION TO DISMISS

Although Defendant failed to file a brief in support of her motion, she  seemingly argues that

this Court lacks jurisdiction to consider the matter, stating in the motion that "[t]he defendant is not

subject to the personal jurisdiction of this court."  (Docket Entry No. 6.)  Defendant also states in her

motion that dismissal is warranted because "defendant has not been properly served" and because

Defendant failed "to file copies of the complaint in the district court for each district in which

property is located within [ten] days of being appointed receiver, pursuant to [28 U.S.C. § 754]."

(Docket Entry No. 6.)  Defendant's attorney also  filed a one-page certification, which states that he

certifies that Defendant does not reside in New Jersey, but rather lives in California, and that "[n]o

proof of service has been provided." (Docket Entry No. 6-2.)

Plaintiff argues that the Court should not consider Defendant's motion because it is

"procedurally defective for failure to comply with the provisions of Local Rule 7.1 and 7.2(a)"

insofar as it "offers no evidence to support his motion to dismiss" and because no brief was filed and

no certification was filed stating that a brief is not necessary.  (Docket Entry No. 8-5 at 8.)  Plaintiff

also argues that should the Court nevertheless consider Defendant's motion, the Court should deny

it because the Receivership has personal jurisdiction over Defendant based on nationwide

jurisdiction, regardless of Defendant's New Jersey contacts.  (Id. at 10.)  Plaintiff argues that the

Court has ancillary jurisdiction, pursuant to United States v. Penny Lane Partners, L.P., Civil Case

No. 06-1894, and this Court's May 16, 2006 Order, which states that "this Court takes exclusive

jurisdiction over Penny Lane Partners, L.P. . . . and all of its assets, wherever located."


### 1.      Standard of Review

"[I]n deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the

plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff."  Ledgestone

Assocs., LLC v. Internet Methods, No. 06-567, 2008 U.S. Dist. LEXIS 49081 (D.N.J. June 27, 2008)

(quoting Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003)).  "If an issue is

raised as to whether a court lacks personal jurisdiction over a defendant[, however,] the plaintiff

bears the burden of showing that personal jurisdiction exists."  Marten v. Godwin, 499 F.3d 290,

295-96 (3d Cir. 2007) (citing Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001)).

The standard to determine personal jurisdiction when a Receiver has been appointed differs

from other inquiries regarding personal jurisdiction.  As it has been noted, "[t]he purpose of the

appointment of a Receiver is to place certain property under the exclusive control of one individual,

appointed by and accountable to the court, for as long as is needed to effectuate the final judgment

of the court free from interference by other tribunals."  O'Leary v. Moyer's Landfill, Inc., 677 F.

Supp. 807, 815 (E.D. Pa. 1988) (citation omitted).  In addition, a "district court has within its equity

power the authority to protect its jurisdiction over a receivership estate . . . consistent with Federal

Rule of Civil Procedure 65" but may be limited by statutory and constitutional considerations "which limit the jurisdiction of federal courts." Gilchrist v. Gen. Elec. Capital Corp., 262 F.3d 295, 302 (4th Cir. 2001).

"A receiver appointed in any civil action or proceeding involving property . . . situated in different districts shall . . . be vested with complete jurisdiction and control of all such property with the right to take possession thereof." 28 U.S.C. § 754. However, the Receiver must "file copies of the complaint and such order of appointment in the district court for each district in which property is located" within ten days of the appointment of the Receiver. Id. In addition, "[i]n proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property law wholly within one district." 28 U.S.C. § 1692.

## 2.    Analysis

The Court concludes that, despite Defendant's untimely and procedurally defective Motion to Dismiss, jurisdiction over a matter is a threshold inquiry that the Court will nevertheless address. The Court notes that its Order dated May 16, 2006, in relation to Civil Action No. 06-1894, United States v. Penny Lane Partners, L.P., states that this Court has continuing jurisdiction in all matters where the SBA acts as Receiver for Penny Lane. In this matter, the SBA brings the instant action, according to the Complaint, in its capacity as Receiver, against Defendant, asserting a breach of contract cause of action in relation to a Limited Partnership Agreement ("LPA") that Defendant signed, agreeing to be a private limited partner in Penny Lane.

It is Plaintiff's burden to prove that personal jurisdiction exists. Plaintiff asserts, and

4

Defendant does not contest insofar as she did not submit a brief in reply, that "[w]ithin ten days of the date of the Receivership Court Order, the Receiver filed a copy of the Order and the underlying complaint in district courts throughout the United States" and specifically in the Central District of California. (Docket Entry No. 8-5 at 15 to 16.)  Plaintiff filed two letters as exhibits in support of its opposition to the Motion to Dismiss, each addressed to the respective Clerks of Court for the Northern and Southern Districts of California, both dated May 23, 2006, which indicate that the requirements of 28 U.S.C. § 754 were properly satisfied.  (See Docket Entry Nos. 8-4 at 20 to 25.) Plaintiff also filed a copy of the docket, reflecting that the matter was filed in the Central District of California on May 25, 2006.  (Docket Entry No. 8-4 at 23.)  Because Defendant has not provided the Court with any information to contradict the assertions made by Plaintiff, the Court concludes that the ten-day requirement was satisfied, given that the Receiver was appointed on May 16, 2006.  The Court properly has personal jurisdiction over Defendant.

The Court also denies Defendant's Motion to Dismiss on the grounds that she was not properly served.  Defendant has failed to provide adequate support for this argument: she did not file an affidavit to that effect, and she did not provide any explanation for how she came to eventually learn of the action or the events that led her to file the Motion to Dismiss.  At some point, Defendant must have learned of the instant proceedings because she filed a Motion to Dismiss. Thus, the Court denies Defendant's motion on all grounds apparently raised in the deficient motion.

### B.    MOTION FOR DEFAULT JUDGMENT

Plaintiff filed a Cross Motion for Default Judgment, in which Plaintiff argues that Entry of Default was properly entered against Defendant, that Defendant "has failed to move to set aside the

Default," and that therefore, Plaintiff's motion should be granted.  (Docket Entry No. 8-5 at 22.)
In support of its motion, Plaintiff argues that it "has expended a considerable amount of time and
estate assets in defending" Defendant's frivolous Motion to Dismiss, and that because "Defendant
has not provided a meritorious defense" and because "Plaintiff has a meritorious case against the
Defendant," default judgment is appropriate.  (Docket Entry No. 8-5 at 22.)  Plaintiff requests that
the Court "enter Default Judgment against the Defendant in the sum certain demanded in the
Complaint, $9,000 plus 10% interest from October 31, 2006."  (Docket Entry No. 8-5 at 23.)
Plaintiff describes the action as a "breach of contract claim" in which Defendant signed the LPA but
"failed to pay the commitment."  (Docket Entry No. 8-5 at 22 to 23.)

Defendant did not file a response to Plaintiff's motion.

### 1.      Default Judgment Standard

Default is governed by Federal Rule of Civil Procedure 55.  FED. R. CIV. P. 55.  Rule 55(a)
provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief
is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise,
the clerk must enter the party's default."  FED. R. CIV. P. 55(a).  "Thereafter, the plaintiff may seek
the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)."  Doug Brady,
Inc. v. N.J. Bldg. Laborers Statewide Funds, No. 07-1522, 2008 WL 940782 (D.N.J. April 7, 2008)
(citation omitted).  "The district court has the discretion to enter default judgment, although entry
of default judgments is disfavored as decisions on the merits are preferred."  Super 8 Motels, Inc.
v. Kumar, No. 06-5231, 2008 WL 878426 at *3 (D.N.J. April 1, 2008) (citation omitted).

Before entering default judgment, the court "must make explicit factual findings as to: (1)

6

whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." <u>Doug Brady</u>, 2008 WL 940782 (citing <u>Emcasco Ins. Co. v. Sambrick</u>, 834 F.2d 71, 74 (3d Cir.1987) (stating that "we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." <u>Id.</u> (citing <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 867-68 (3d Cir.1984)).

Further, although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. <u>Signs by Tomorrow - USA, Inc. v. G.W. Engel Co., Inc.</u>, No. 05-4353, 2006 U.S. Dist. LEXIS 56456, at *5-6 (D.N.J. Aug. 1, 2006) (citing <u>Comdyne I, Inc. v. Corbin</u>, 908 F.2d 1142, 1149 (3d Cir. 1990); <u>Directv, Inc. v. Asher</u>, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *1 (D.N.J. Mar. 14, 2006) (citation omitted)). "Consequently, before granting a default judgment, the Court must first ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" <u>Signs</u>, 2006 U.S. Dist. LEXIS 56456, at * 6 (quoting <u>Directv, Inc.</u>, 2006 U.S. Dist. LEXIS 14027, at *1 (citation omitted)).

Pursuant to Federal Rule of Civil Procedure 12, usually a Defendant must answer or otherwise respond "within 20 days after being served with the summons and complaint." FED. R. CIV. P. 12.

### 2.    Analysis

The Office of Clerk of this Court granted Plaintiff's request for an entry of default under Federal Rule of Civil Procedure 55(a).  See Husain v. Casino Control Comm'n, No. 07-3636, 2008 U.S. App. LEXIS 3700, at *4 (3d Cir. Feb. 20. 2008) (stating that "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)").  See also Bank of Nova Scotia v. James, No. 2005-08, 2008 U.S. Dist. LEXIS 79240 (V.I. Oct. 8, 2008); Mims v. McCall, No. 06-4551, 2008 U.S. Dist. LEXIS 43092 (D.N.J. June 2, 2008); 10A Charles Alan Wright, Federal Practice and Procedure § 2682 (2007) (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)").  Although Entry of Default was entered on June 27, 2008, Defendant proceeded to file a Motion to Dismiss on July 16, 2008; the motion lacked merit and was filed in violation of Local Civil Rules of Procedure 7.1 and 7.2(a). Although the Court has herein addressed Defendant's apparent argument regarding jurisdiction in relation to that motion, the Court addressed it only as a threshold matter.

Plaintiff alleges in its Complaint a cause of action for breach of contract.  Plaintiff states that "[o]n October 21, 1996, the defendant signed the LPA to be a Private Limited Partner in Penny Lane"; that "[t]he balance owed by the defendant as a Private Limited Partner is the unfunded capital commitment in the amount of $9,000.00"; that Defendant was "issued an unfunded capital commitment demand letter dated October 31, 2006 demanding payment of the amount of $9,000.00"; that "no payment has been made by the defendant"; that the LPA states that "any Private Limited Partner's failure to pay the amount due from the date due pursuant to the capital call notice for payment . . . shall be charged ten percent (10%) interest from the date the unfunded capital

commitment was due"; and that for these reasons, the Court should grant default judgment in favor of Plaintiff. (Docket Entry No. 1 at ¶¶ 7, 10, 15 to 17.)

The Court concludes that Default Judgment is appropriate here. First, Plaintiff's unchallenged facts, which the Court accepts as true, set forth a legitimate cause of action. See Signs, 2006 U.S. Dist. LEXIS 56456 at * 6. In addition, Defendant has not offered any opposition to the Motion for Default Judgment, and therefore, the Court concludes that the Defendant has not offered information regarding the existence of a meritorious defense. Moreover, the facts as alleged in the Complaint provide no indication of a meritorious defense. Plaintiff has been prejudiced in that this action was filed on March 17, 2008, as an ancillary matter to another case before this Court, and Plaintiff has also been prejudiced because Defendant has failed to properly respond in any substantial way to the allegations. Defendant's failure to meaningfully participate in this litigation compels this Court's grant of default judgment. The Court concludes that Defendant is culpable in respect to her failure to meet her obligations under the LPA.

However, Plaintiff has failed to provide the Court with a copy of the LPA that has been signed by Defendant. Therefore, the Court will grant default judgment in favor of Plaintiff, but the Court will reserve on its judgment in respect to the amount of damages, and will direct the Plaintiff to provide the Court with the LPA signed by the Defendant and any other relevant material to assist the Court in its determination regarding Defendant's failure to satisfy the contract amount. As the Court is not required to take Plaintiff's allegations regarding the amount of damages as true, the Court requires Plaintiff to submit documentary evidence that includes sufficient information to determine the damages in a sum certain. See Signs, 2006 U.S. Dist. LEXIS 56456, at *5-6 (citation omitted); Directv, Inc., No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *1 (citation omitted)). If

Plaintiff fails to submit such evidence, the Court will hold a hearing to determine the damages issue.


**III.     CONCLUSION**

For the foregoing reasons, the Court will deny Defendant's Motion to Dismiss, and the Court will grant Plaintiff's Motion for Default Judgment.  An appropriate form of Order accompanies this Opinion.


Dated: December 30, 2008

   s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.
